13-37
Lin v. Holder

BIA
A077 297 344

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fourteen.

PRESENT:
        ROSEMARY S. POOLER,
        BARRINGTON D. PARKER,
        DEBRA ANN LIVINGSTON,
           *Circuit Judges*.

_____

JIAN LING LIN, AKA JIAN LING,
      *Petitioner*,

      v.                          13-37
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONERS:     Chunyu Wang, Flushing, N.Y.

FOR RESPONDENT:     Stuart F. Delery, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Andrea N. Gevas, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Ling Lin, a native and citizen of China, seeks review of the December 27, 2012, order of the BIA denying her motion to reopen. *In re Jian Ling Lin*, No. A077 297 344 (B.I.A. Dec. 27, 2012). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We lack jurisdiction to consider whether Lin should have been granted prosecutorial discretion. *See* 8 U.S.C. § 1252(g); *see also Wayte v. U.S.*, 470 U.S. 598, 607 (1985) (observing that "the decision to prosecute is particularly ill-suited to judicial review"); *Gasparian v. Holder*, 700 F.3d 611, 614 (1st Cir. 2012) ("[I]mmigration statutes do not confer jurisdiction on [the] court to review acts of prosecutorial discretion.").

However, we review the BIA's denial of Lin's motion to reopen for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). Aliens seeking to reopen proceedings may file a motion to reopen no later than 90

2

days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). In this case, it is undisputed that Lin's 2012 motion to reopen was untimely because her order of removal became final in 2005. CAR at 626. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). An untimely motion may be excused if an alien received ineffective assistance of counsel or demonstrates changed country conditions. *See Zhang v. Holder*, 617 F.3d 650, 658 (2d Cir. 2010); 8 U.S.C. § 1229a(c)(7)(C)(ii).

The BIA did not abuse its discretion when it found Lin failed to demonstrate ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a movant must show that the alien demonstrated "due diligence" in pursuing her claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008).

Lin failed to demonstrate due diligence. Lin argues that she should have discovered the ineffective assistance

3

in June 2012, after she was picked up by the immigration authorities. She states that in June 2005, when her removal order became final, she did not understand that she was removable because she still had an application pending for derivative asylee benefits. However, Lin's former attorney emphatically stated that there was no such pending application, and Lin has not submitted evidence of one. Her former attorney also submitted evidence that Lin had been informed of the consequences of a removal order. Further, Lin's alternative argument that she sought subsequent legal advice undermines her claim that she did not know that she had been the victim of ineffective assistance. *See Cekic v. I.N.S.*, 435 F.3d 167, 171 (2d Cir. 2006). Thus, the BIA also did not abuse its discretion in finding that Lin failed to demonstrate due diligence. *Rashid*, 533 F.3d at 131.

Lin also failed to demonstrate a change in country conditions in China. Lin submitted the 2005 and 2011 Country Reports, which stated that enforcement of family planning laws varied significantly by location and used identical language with regard to enforcement in Lin's home province of Fujian. The BIA may reasonably require evidence of how the family planning laws are implemented in the alien's home province. *See Shao v. Mukasey*, 546 F.3d 138,

4

163-65 (2d Cir. 2008).  Moreover, while Lin argues that IUD insertion for women with only one child has increased, the BIA has held that IUD insertion does not constitute persecution absent aggravating factors.  *Matter of M-F-W- & L-G-*, 24 I&N Dec. 633, 636 (BIA 2008); *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 70-71 (2d Cir. 2011).  Thus, the BIA's determination that there had been no change in country conditions did not constitute an abuse of discretion.  *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  Petitioner's pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5